UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEONDRE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | 2:14-cv-01014-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SMILES TODAY DENTAL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1), filed June 20, 2014.  Plaintiff is incarcerated.

**I.  In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a)(1) and (2) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  However, pursuant to section 1915, Plaintiff will be required to make monthly payments toward the full filing fee.

**II.  Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

1  relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se*
2  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th
3  Cir. 1988).  In addition to the screening requirements of section 1915A, the Prison Litigation Reform
4  Act of 1995 (PLRA) provides that a federal court must dismiss a prisoner's claim, "if the allegation
5  of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief
6  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28
7  U.S.C. § 1915(e)(2).

8        Courts apply the standard for review under Fed. R. Civ. P. 12(b)(6) for failure to state a claim
9  upon which relief can be granted when reviewing the adequacy of a complaint or an amended
10 complaint under section 1915(e).  If a complaint is dismissed under § 1915(e), the plaintiff should be
11 given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear
12 from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
13 *United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).  Review under Rule 12(b)(6) is essentially a
14 ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th
15 Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot
16 prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v.*
17 *Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all
18 allegations of material fact stated in the complaint, and the court construes them in the light most
19 favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).
20 Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted
21 by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)
22 (per curiam).

23       While the standard under Rule 12(b)(6) does not require detailed factual allegations, a
24 plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550
25 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.,*
26 *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A reviewing court should "begin by identifying

1  pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the
2  assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009).  "While
3  legal conclusions can provide the framework of a complaint, they must be supported with factual
4  allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their
5  veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*
6  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that
7  requires the reviewing court to draw on its judicial experience and common sense." *Id.*  Finally, all
8  or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack
9  an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are
10 untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a
11 legal interest which clearly does not exist), as well as claims based on fanciful factual allegations
12 (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see
13 also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

14 **III.    Discussion**

15         Plaintiff seeks in excess of $3 million in damages under 42 U.S.C. § 1983.  The claim stems
16 from events that occurred while Plaintiff was receiving dental treatment at Smiles Today Dental
17 from an unnamed dentist.  Plaintiff alleges that sometime in September or October of 2013, he went
18 to the dentist for a routine teeth cleaning.  After x-rays were taken, the unnamed dentist inquired
19 whether Plaintiff had ever had problems with his mouth.  Plaintiff stated that he had not.  The dentist
20 then informed Plaintiff that his wisdom teeth had grown in and recommended they be removed.
21 Plaintiff asked when the removal could be done, to which the unnamed dentist responded that he
22 could do the procedure that same day.

23         Thereafter, Plaintiff was taken into another room and given novocaine.  Plaintiff indicates
24 that his upper left wisdom tooth was extracted without issue.  However, when the dentist began to
25 extract the upper right tooth, Plaintiff alleges that he felt sharp, stabbing pains and began to bleed
26 excessively, at which point the dentist abandoned extraction of the upper right wisdom tooth and

attempted to extract the lower right wisdom tooth.  Plaintiff continued to indicate he felt significant pain and was administered additional novocaine.  Plaintiff alleges the during administration of the second dose of novocaine, the dentist hit a nerve sending a shock of pain through Plaintiff's entire body.  At that point, Plaintiff alleges that he informed the dentist that he could not feel his tongue.  Nevertheless, the dentist continued with the extraction, which allegedly included the use of saw to "crack" the tooth for extraction.  Eventually, Plaintiff told the dentist the pain was unbearable and requested to come back another time.  The dentist indicated the extraction was almost complete and, ultimately, was able to complete the extraction.  He gave Plaintiff a prescription, presumably for the pain.

A few weeks after the extraction event, Plaintiff returned to the dentist and informed him that he still could not feel his gums on the rights side of his mouth.  Plaintiff also informed the dentist that he could not feel parts of his tongue and that he was still experiencing pain in the upper right side of his mouth.  The dentist allegedly told Plaintiff that the pains were something that could be experienced after the procedure.  Plaintiff alleges that he has never experienced pain like what he experienced, calling it an unbearable punishment.  Based on these events, he seeks damages under section 1983 for violation of his Eighth Amendment rights.

To establish a cognizable claim under section 1983, a plaintiff must allege two elements: (1) that the defendant violated a right secured by the Constitution and law of the United States, and (2) that the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also e.g. Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff's claim does not adequately state a constitutional violation committed by a defendant acting under color of state law.  The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble,* 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id* . at 106. The

1  "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged

2  deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825,

3  834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct.

4  2321, 115 L.Ed.2d 271 (1991)). Second, the prison official must act with a "sufficiently culpable

5  state of mind," which entails more than mere negligence, but less than conduct undertaken for the

6  very purpose of causing harm. *Farmer,* 511 U.S. at 837. A prison official does not act in a

7  deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

8  inmate health or safety." Id. at *3. In applying this standard, the Ninth Circuit has held that before it

9  can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs

10  must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

11  cause of action." *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980), citing *Estelle,*

12  429 U.S. at 105–06. "[A] complaint that a physician has been negligent in diagnosing or treating a

13  medical condition does not state a valid claim of medical mistreatment under the Eighth

14  Amendment. Medical malpractice does not become a constitutional violation merely because the

15  victim is a prisoner." *Estelle v. Gamble,* 429 U.S. at 106; *see also Anderson v. County of Kern,* 45

16  F.3d 1310, 1316 (9th Cir.1995); *McGuckin v. Smith,* 974 F.2d 1050, 1050 (9th Cir.1992) (*overruled*

17  *on other grounds), WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir .1997) (en banc). Even

18  gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See*

19  *Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990). A prisoner's mere disagreement with

20  diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild,* 891 F.2d

21  240, 242 (9th Cir.1989).

22      Delay of, or interference with, medical treatment can also amount to deliberate indifference.

23  *See Jett v. Penner,* 439 F.3d 1091, 1096 (9 th Cir.2006); *Clement v. Gomez,* 298 F.3d 898, 905 (9th

24  Cir.2002); *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir.2002); Lopez v. Smith, 203 F.3d 1122,

25  1131 (9th Cir.1996); *Jackson v. McIntosh,* 90 F.3d 330,332 (9th Cir.1996); *McGuckin v. Smith,* 974

26  F.2d 1050, 1059 (9th Cir.1992) *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d

1133, (9th Cir.1997) (en banc); *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett,* 296 F.3d at 745–46; *McGuckin,* 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Commis,* 766 F.2d 404, 407 (9th Cir.1985) (per curiam).

The events described in Plaintiff's complaint describe what, at most, could be characterized as claims for medical negligence. There is no allegation of interference, delay, or indifference. To the contrary, it appears that prison officials have made sure that Plaintiff receives dental care and follow-up care based on his complaints. Consequently, the Court will dismiss the complaint without prejudice. Plaintiff will be afforded an additional opportunity to state a cognizable constitutional claim for deliberate indifference to his medical needs.

Based on the foregoing and good cause appearing,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pay an initial installment of the filing fee, but the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services, or equivalent, at Plaintiff's place of incarceration or Federal Bureau of Prisons.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed without prejudice for failure to state a claim upon which relief can be granted**. Plaintiff shall have until **August**

**13, 2014** to file an amended complaint.  Failure to file a timely amended complaint will result in a recommendation that this case be dismissed.

Dated: July 18, 2014.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE